FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 MAY 19 ₱ 12: 49

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

| | | |
|---|---|---|
| **IMEH RENEE OKON,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Case No.: GJH-15-2481** |
| **AMERICAN SERVICING COMPANY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

### MEMORANDUM OPINION

Plaintiff Imeh Renee Okon initiated this action on August 21, 2015 against Wells Fargo

Bank, N.A., d/b/a America's Servicing Company ("Wells Fargo"),[1] HSBC Bank USA, National

Association, as Trustee for SG Mortgage Securities Trust 2006-FRE1 ("HSBC"), Alba Law

Group, PA ("Alba"), Melissa L Cassell, Amy H Hill, and See Chang (collectively, "Defendants")

alleging violations of the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code

Ann., Real Prop. § 7-401, *et seq.* Before service was effectuated on any Defendant, Plaintiff filed

an Amended Complaint on August 31, 2015. ECF No. 2. Presently pending before the Court are

two Motions to Dismiss or, in the Alternative, Motions for Summary Judgment. ECF Nos. 4 &

12. No hearing is necessary to resolve these Motions. *See* Local Rule 105.6 (D. Md. 2014).

For the reasons that follow, the Motions will be granted.[2]

---

[1] The Complaint incorrectly identifies Wells Fargo as "American Servicing Company d/b/a Wells Fargo Bank, N.A." The Clerk of the Court will be directed to amend the docket to reflect the true name of the Defendant.

[2] On September 17, 2015, Alba filed a Suggestion of Bankruptcy, indicating that Plaintiff had filed for protection under Chapter 13 of the United States Bankruptcy Code. ECF No. 3. Even assuming the automatic stay provision under 11 U.S.C. § 362 applied to an action where the bankruptcy debtor initiated the action, *see* 11 U.S.C. § 362(a) (referring to commencement or enforcement of an action "against the debtor"), there would be no need to enter a

## I.     BACKGROUND

In the Amended Complaint, Plaintiff challenges certain aspects of a foreclosure proceeding respecting her residence located in Silver Spring, Maryland. *See* ECF No. 2 at 3;[3] *see also Devan v. Okon*, No. 388371V (Montgomery Cnty. Cir. Ct.) (the "Foreclosure Action"). Specifically, she alleges that Defendants filed "a series of fraudulent documents in the [Foreclosure Action] in order to foreclose on [her] property." ECF No. 2 at 4. Those purportedly fraudulent documents include a final loss mitigation affidavit, a notice of foreclosure action, and an affidavit submitted pursuant to Md. Code Ann., Real Prop. § 7-105.1(e)(2)(ii) and Md. Rule, Prop. Sales 14-207(b)(2). *Id.* Plaintiff contends that these documents were fraudulent insofar as they described the property to be foreclosed as "non-owner occupied," notwithstanding Plaintiff's representation to the trustee that she did in fact occupy the property. *Id.* at 6.

In the Foreclosure Action, Plaintiff filed a document titled "Motion to Stop Foreclosure Proceedings due to Fraudulent Affidavits Filed by Wells Fargo and its Substitute Trustees; Counterclaims Against Wells Fargo . . . and SG Mortgage Securities Trust 2006-FRE1."[4] *See* ECF No. 4-2. In that motion, she alleged that the affidavits accompanying the order to docket suit were fraudulent because they stated that the property was non-owner occupied. *See id.* at 3. Plaintiff asserted claims of wrongful

---

stay at this juncture because the docket for the bankruptcy proceedings indicates that the case has been closed. *See In re Okon*, No. 15-21893 (Bankr. D. Md. Apr. 7, 2016).

[3] All pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] Although the Court relies on documents outside of the Complaint, these Motions may properly be considered under the motion to dismiss standard because, in reviewing such a motion, the court may consider, in addition to the allegations in the Complaint, matters of public record and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

foreclosure and injurious falsehood and violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691a *et seq.*, seeking damages and a declaratory judgment. *See id.* at 9–14.

The Circuit Court for Montgomery County, Maryland denied Plaintiff's motion in the Foreclosure Action, treating it as a motion to stay the sale of the property and dismiss the action. Plaintiff appealed to the Court of Special Appeals of Maryland, which affirmed the denial of her motion on the ground that Plaintiff failed to comply with Md. Rule 14-211(a)(3), which sets forth the requirements of a motion to dismiss a foreclosure action in Maryland. *See* ECF No. 4-4. Plaintiff's counterclaims, however, were docketed as a separate action. *See Okon v. Wells Fargo Home Mortgage*, No. 389299V (Montgomery Cnty. Cir. Ct.) (the "Counterclaim Action"). In that case, on May 23, 2014, the court granted a motion to dismiss and dismissed the counterclaims without leave to amend. ECF No. 4-6. Plaintiff did not appeal that dismissal.

## II.   DISCUSSION

### A.  Subject Matter Jurisdiction

Defendants seek dismissal on the ground that Plaintiff has failed to allege a basis for this Court's exercise of subject matter jurisdiction. ECF No. 4-1 at 7; ECF No. 12-1 at 6. A motion to dismiss for lack of subject matter jurisdiction arises under Federal Rule of Civil Procedure 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Demetres v. E. W. Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). The court should grant the 12(b)(1) motion "'only if the material jurisdictional facts are not in dispute and the moving

3

party is entitled to prevail as a matter of law.'" *Quigley v. United States*, 927 F. Supp. 2d 213, 217 (D. Md. 2012) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

The Complaint does not allege any federal cause of action, citing only to a Maryland state statute as the basis for Plaintiff's recovery. *See* ECF No. 2. Thus, this Court may only exercise jurisdiction over this matter if there is complete diversity of citizenship. *See* 28 U.S.C. 1332(a). Diversity jurisdiction under § 1332 only exists if there is complete diversity between *all* parties. *See Banca Del Sempione v. Provident Bank of Maryland*, 85 F.3d 615 (4th Cir. 1996) (per curiam) ("Since *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), courts have interpreted section 1332 to require complete diversity between all parties.").

Complete diversity is lacking in this case. In the Amended Complaint, Plaintiff alleges that she resides in Silver Spring, Maryland, but she also acknowledges that Defendants Alba and Cassell are domiciled in Maryland. *See* ECF No. 2; ECF No. 8 at 2. Thus, this Court lacks jurisdiction over this matter.

### B. Failure to State a Claim

Dismissing the non-diverse parties from this matter, however, would not save the case from dismissal because the Complaint fails to state a plausible claim for relief.

A motion to dismiss for failure to state a claim upon which relief may be granted is made pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 4-1 at 8–10. When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d

4

435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

In reviewing a motion to dismiss, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). While affirmative defenses may be reached by a motion to dismiss filed under Rule 12(b)(6), such a motion should be granted only in the "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir.2007) (en banc). Moreover, a movant cannot merely show that the elements of the defense appear on the face of the complaint or in properly considered documents, but must also "show that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466.

Plaintiff's claims against the non-diverse Defendants must be dismissed because they are barred by the doctrine of res judicata. "It is well established that the doctrine of res judicata bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted* and litigated in the original suit." *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.), *aff'd*, 229 F.3d

5

1141 (4th Cir. 2000) (emphasis in original) (citations omitted). "Res judicata, which is sometimes referred to as claim preclusion, helps to avoid 'the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibilities of inconsistent decisions.'" *Id.* (quoting *Murray Int'l Freight Corp. v. Graham*, 555 A.2d 502, 503–04 (Md. 1989)). "The traditional principle of res judicata has three elements: (1) the parties in the present litigation should be the same or in privity with the parties to the earlier case; (2) the second suit must present the same cause of action or claim as the first; and (3) in the first suit, there must have been a valid final judgment on the merits by a court of competent jurisdiction." *deLeon v. Slear*, 616 A.2d 380, 385 (Md. 1992).

All three elements of res judicata are met in this case. First, two of the diverse Defendants, Wells Fargo and HSBC, were parties to the Counterclaim Action in state court. Although the other two diverse Defendants—Hill and Chang—were not parties to that action, they were, according to the Amended Complaint, employees of Wells Fargo and/or HSBC when they engaged in the allegedly fraudulent acts and are therefore in privity with Wells Fargo and/or HSBC and are therefore in privity with them. *See* ECF No. 2 at 2–3, 6–7; *see also deLeon*, 616 A.2d at 389 (concluding that employees were in privity with employer for res judicata purposes where prior action against employer was based on its vicarious liability for the conduct of those employees).

With regard to the second element, namely, whether this action presents "the same cause of action or claim" as the previous suit, "federal courts and Maryland state courts have adopted the 'transaction test' to determine the identity of the causes of action." *Anyanwutaku*, 85 F. Supp. 2d at 571 (citing *Adkins v. Allstate Ins. Co.*, 729 F.2d 974, 976 (4th Cir.1984); *deLeon*, 616 A.2d at 390). That is to say that, "as long as the second suit arises out of the same

6

transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009). Plaintiff's allegations in this case regarding the allegedly fraudulent documents filed in the Foreclosure Action arise out of the same transaction as the claims involved in that action and in the Counterclaim Action. Notably, there, as she does here, Plaintiff challenged the description of her property as one that was "non-owner occupied." *See, e.g.*, ECF No. 4-2 at 3, 9. Finally, Plaintiff does not dispute that the Counterclaim Action resulted in a final judgment on the merits.[5]

## III. CONCLUSION

In sum, this Court lacks jurisdiction over the present suit because there is not complete diversity between the parties. Moreover, even if the jurisdictional defect could be cured, dismissal would be warranted because Plaintiff's claims against the non-diverse Defendants are barred by res judicata. Accordingly, Defendants' Motions to Dismiss are **GRANTED** and this action is **DISMISSED** with prejudice.[6]

Dated: May 19, 2016

GEORGE J. HAZEL
United States District Judge

---

[5] Because the Court concludes that dismissal is warranted for failure to state a claim, it need not address the argument raised by Wells Fargo, HSBC, Hill and Chang regarding service of process. *See* ECF No. 4-1 at 10–11.

[6] Although the first dismissal of an action is ordinarily without prejudice, *see Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999), the Court has discretion to dismiss an action with prejudice where "it is clear that amendment would be futile in light of the [complaint's] fundamental deficiencies[.]" *Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Because Plaintiff's state law claims against the only diverse Defendants in this action are barred by res judicata, amendment of the Complaint would be futile.

7